IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LYNN NUNNALLY, | )<br>) |
| Plaintiff, | ) No. 2:07-cv-01323-JLR<br>) |
| v. | ) **DEFENDANT XO**<br>) **COMMUNICATION, INC.'S** |
| XO COMMUNICATIONS, a Delaware<br>Corporation; ABC CORPORATION and JOHN<br>DOES 1-10, | ) **ANSWER TO COMPLAINT**<br>)<br>)<br>) |
| Defendants. | )<br>) |

Defendant XO Communications ("XO") in answer to the Complaint filed in the above-caption action, admits, denies and alleges as follows.

1. XO admits the allegation contained in paragraph 1.1 of the Complaint.

2. XO denies the allegations contained in paragraph 1.2 of the Complaint because it refers to XO Corporation rather than the proper name of the corporation.

3. In answering paragraph 1.3 of the Complaint, XO admits that the events at issue occurred in King County, Washington. Answering paragraph 1.3 further, XO avers that the jurisdiction is proper on the basis of diversity of citizenship.

4. XO admits the allegation contained in paragraph 2.1 of the Complaint.

5. XO admits the allegations contained in paragraph 2.2 of the Complaint.

6. XO denies, specifically and generally, the allegations contained in paragraph 2.3 of the Complaint.

7. XO admits the allegations contained in paragraph 2.4 of the Complaint.

ANSWER — 1
(2:07-cv-01323-JLR)
BEL 393311v1 0060350-000020

Davis Wright Tremaine LLP
LAW OFFICES
777 – 108TH Avenue NE · Suite 2300
Bellevue, Washington 98004-5149
(425) 646-6100 · Fax: (425) 646-6199

8. XO denies, specifically and generally, the allegations contained in paragraph 2.5 of the Complaint.

9. XO denies, specifically and generally, the allegations contained in paragraph 2.6 of the Complaint.

10. XO denies, specifically and generally, the allegations contained in paragraph 2.7 of the Complaint.

11. In answering paragraph 2.8 of the Complaint, XO admits that plaintiff asserted an internal complaint with XO in approximately February, 2005. Answering paragraph 2.8 further, XO avers that the facts underlying plaintiff's complaint, even if true, did not establish a violation of any federal or other laws. Except as expressly averred herein, XO denies, generally and specifically, the allegation referenced in paragraph 2.8 of the Complaint.

12. In answering paragraph 2.9 of the Complaint, XO admits that it hired an outside vendor to investigate the concerns raised by plaintiff in her February 2005 complaint to XO's Ethics Officer. Answering paragraph 2.9 further, XO avers that the facts underlying plaintiff's Complaint, even if true, did not establish a violation of any federal or other laws. Except as expressly averred herein, XO denies, generally and specifically, the allegation referenced in paragraph 2.9 of the Complaint

13. XO denies, specifically and generally, the allegations contained in paragraph 2.10 of the Complaint.

14. XO denies, specifically and generally, the allegations contained in paragraph 2.11 of the Complaint.

15. XO denies, specifically and generally, the allegations contained in paragraph 2.12 of the Complaint.

ANSWER — 2
(2:07-cv-01323-JLR)
BEL 393311v1 0060350-000020

16. In answering paragraph 2.13 of the Complaint, XO admits that plaintiff filed a Sarbanes-Oxley ("SOX") complaint with the United States Department of Labor on September 16, 2005. Answering paragraph 2.13 further, XO avers that the Secretary of Labor determined that no violation of that statute had occurred. Except as expressly averred herein, XO denies, generally and specifically, the allegation referenced in paragraph 2.13 of the Complaint.

17. Answering paragraph 2.14 of the Complaint, XO avers that plaintiff voluntarily terminated her employment with XO in January 2006. Answering paragraph 2.14 further, XO avers that the Secretary of Labor determined that plaintiff was not discriminated against on the basis of a protected activity when denied a position as a pricing manager. Except as expressly averred herein, XO denies, generally and specifically, the allegation referenced in paragraph 2.14 of the Complaint.

18. XO lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 2.15 of the Complaint, and therefore denies it.

19. Answering paragraph 3.1 of the Complaint, XO incorporates by reference its answers to paragraphs 1.1 through 2.16 of the Complaint.

20. Paragraph 3.2 of the Complaint contains a legal conclusion to which no response is required.

21. Paragraph 3.3 of the Complaint does not appear to require a response by XO; therefore, XO denies the allegations contained in paragraph 3.3 of the Complaint.

22. XO denies, specifically and generally, the allegations contained in paragraph 3.4 of the Complaint.

23. XO denies, specifically and generally, the allegations contained in paragraph

ANSWER — 3
(2:07-cv-01323-JLR)
BEL 393311v1 0060350-000020

Davis Wright Tremaine LLP
LAW OFFICES
777 - 108TH Avenue NE · Suite 2300
Bellevue, Washington 98004-5149
(425) 646-6100 · Fax: (425) 646-6199

3.5 of the Complaint.

24. XO denies, specifically and generally, the allegations contained in paragraph 3.6 of the Complaint.

25. Paragraph 3.7 of the Complaint is confusing and ambiguous; therefore XO denies, specifically and generally, the allegations contained in paragraph 3.7 of the Complaint.

26. XO denies, specifically and generally, the allegations contained in paragraph 3.8 of the Complaint.

27. Answering paragraph 4.1 of the Complaint, XO incorporates by reference its answers to paragraphs 1.1 through 3.8 of the Complaint.

28. XO admits the allegation contained in paragraph 4.2 of the Complaint.

29. XO denies, specifically and generally, the allegations contained in paragraph 4.3 of the Complaint.

30. XO denies, specifically and generally, the allegations contained in paragraph 4.4 of the Complaint.

31. XO denies, specifically and generally, the allegations contained in paragraph 4.5 of the Complaint.

32. XO denies, specifically and generally, the allegations contained in paragraph 4.6 of the Complaint.

33. XO denies, specifically and generally, the allegations contained in paragraph 4.7 of the Complaint.

34. XO denies, specifically and generally, the allegations contained in paragraph 4.8 of the Complaint.

35. XO denies, specifically and generally, the allegations contained in paragraph

ANSWER — 4
(2:07-cv-01323-JLR)
BEL 393311v1 0060350-000020

Davis Wright Tremaine LLP
LAW OFFICES
777 – 108TH Avenue NE · Suite 2300
Bellevue, Washington 98004-5149
(425) 646-6100 · Fax: (425) 646-6199

4.9 of the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

A.  The Complaint fails to state a claim upon which relief can be granted.

B.  Any action taken by Defendant was a legitimate exercise of business judgment and discretion.

C.  Plaintiff did not engage in any protected activity.

D.  Defendant does not owe Plaintiff any further wages due to Plaintiff's failure to meet a condition precedent to payment of any wages now in dispute.

E.  XO reserves the right to amend its Answer herein to state additional affirmative or other defenses as they may hereafter become known.

## PRAYER FOR RELIEF

Wherefore, XO prays for judgment as follows:

1. Dismissal of plaintiff's Complaint, and all claims therein, with prejudice;
2. For costs and reasonable attorney's fees;
3. For such other and further relief as the Court may deem proper.

DATED this 22 day of October, 2007.

Davis Wright Tremaine LLP
Attorneys for Defendant XO Communications

By ___/s/ Mark W. Berry___
Mark W. Berry, WSBA #16780
G. (Gus) Lindsey, III, WSBA #36386
Paula Lehmann, WSBA #20678
Telephone: (425) 646-6100
Fax: (425) 646-6199
E-mails:   markberry@dwt.com
           guslindseyiii@dwt.com
           paulalehmann@dwt.com

ANSWER — 5
(2:07-cv-01323-JLR)
BEL 393311v1 0060350-000020

Davis Wright Tremaine LLP
LAW OFFICES
777 – 108TH Avenue NE · Suite 2300
Bellevue, Washington 98004-5149
(425) 646-6100 · Fax: (425) 646-6199

# CERTIFICATE OF SERVICE

The undersigned certifies under the penalty of perjury under the laws of the state of Washington that I am now and at all times herein mentioned, a citizen of the United States, a resident of the state of Washington, over the age of eighteen years, not a party to or interested in the above-entitled action, and competent to be a witness herein.

On this date I caused to be served in the manner noted below a copy of the document entitled **DEFENDANT XO COMMUNICATION, INC.'S ANSWER TO COMPLAINT** on the following:

McKay Huffington, PLLC
Jean E. Huffington
Leah S. Just
600 University Street, Suite 1904
Seattle, WA  98101

BY:
| x | U.S. MAIL |
|   | HAND DELIVERED – ABC/Washington Legal Messengers |
|   | OVERNIGHT MAIL |
| x | FACSIMILE |
|   | ELECTRONIC DELIVERY |

Dated this 22nd day of October, 2007.

_____
Sheila L. Croisier

ANSWER — 6
(2:07-cv-01323-JLR)
BEL 393311v1 0060350-000020